BANK OF COLLINS ET AL *v.* MILLER.

[71 South. 12.]

ATTORNEY AND CLIENT.  *Suit for fee.  Decree.*

Where two attorneys had recovered judgment for a client against a lumber company and the sureties on its bond of which judgment they were entitled to a part as attorney fees, and the lumber company paid the amount of the judgment to a bank and said bank paid over to one of the attorneys, D. all of the other attorney M's part of such judgment except three hundred dollars which money so paid said attorney remitted to his associate M. The bank claimed that the attorney D owed it three hundred dollars and, with the consent of D, credited this amount upon the debt owing it by D, who thereupon marked the judgment satisfied of record.  In such case where the attorney M sued his associate •and the lumber company and the bank for the three hundred dollars not paid him, he could only recover against the bank which was in possession of the money.

APPEAL from the chancery court of Covington county. HON. R. B. BULLARD, Special Chancellor.

Suit by R. N. Miller against the Bank of Collins, E. L. Dent, and others.  Decree for complainant against all the defendants except one and they appeal, and complainant cross appeals from the decree dismissing the other defendant.

Appellee filed a bill in chancery alleging that he and appellant Dent, as attorneys for one Parker, had recovered a judgment in the circuit court against the · Wood Lumber Company and Rutledge, surety on the bond of said company, and that thereafter said lumber company had paid the amount of said judgment over to the Bank of Collins of which Rutledge was cashier, and that appellee and Dent were entitled to a portion of said amount as attorney's fees; that said bank had paid over to Dent the amount due appellee, except three hundred dollars, and Dent had remitted all of appellee's fees except said three hundred dollars.  It seems from the record that ap-

pellant Dent claimed that appellee owed him three hundred dollars and the Bank of Collins claimed that Dent owed it three hundred dollars, and that, after the bank had paid over to Dent all of the attorney's fees due appellee and Dent except the three hundred dollars, Dent then marked the judgment satisfied of record, and had receipted the bank for the full amount. Appellee prayed that he be given a personal decree against the defendants for the amount due him. The court entered a decree discharging the Wood Lumber Company and Rutledge, and against the Bank of Collins and Dent for the sum of three hundred dollars and interest, from which decree both of said defendants appeal, and appellee prosecutes a cross-appeal from that part of the decree relieving the lumber company and Rutledge of liability.

SYKES, J., delivered the opinion of the court .

The appellee R. N. Miller filed his original bill in the chancery court of Covington county against the Wood Lumber Company, the Bank of Collins, J. F. Rutledge, and E. L. Dent, claiming that they were due him the sum of three hundred and thirty dollars, as a balance arising from several different transactions. The questions involved here are purely questions of fact, and were decided in the court below in favor of the appellee and against the Bank of Collins and E. L. Dent. The testimony in the case, however, shows that the Bank of Collins is in possession of this money, and not the defendant Dent. The appellee has filed in this court a confession of error as to the appellant E. L. Dent, and has agreed thereby that the decree of the chancery court may be reversed as to the said Dent, and the said Dent dismissed from this suit.

It is the opinion of the court that the decree of the court below is correct as to the defendant Bank of Collins, and is affirmed to that extent. Under the facts in the case, the decree as to the defendant Dent is erroneous, and is reversed and dismissed as to the said Dent.

*Affirmed on cross-appeal.*